FILED
September 29, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003801976

ALLAYE CHAN LAW GROUP, PC
Richard Allaye Chan, Jr. SBN: 176416
1000 G. Street, Suite 220
Sacramento, CA 95814
Tel: (916) 446-4400
Fax: (916) 446-5514

Attorney for Debtors
JUDD BELEN LEYSON &
LORNA REYES LEYSON

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>JUDD BELEN LEYSON &<br>LORNA REYES LEYSON,<br><br>Debtor.<br>_____/ | Case No.: 10-51562-C-7<br><br>Mtn. Ctrl. No.: RAC-1<br><br>In Chapter 7<br><br>**DEBTORS' MOTION TO COMPEL TRUSTEE TO ABANDON REAL PROPERTY**<br><br>Date:        October 18, 2011<br>Time:        9:30 a.m.<br>Court Room: 35<br>Department:  C |

TO: THE CHAPTER 7 TRUSTEE, J. MICHAEL HOPPER; THE UNITED STATES TRUSTEE; ALL CREDITORS; AND TO ALL OTHER INTERESTED PARTIES:

Pursuant to 11 U.S.C. Section 554(b) and Federal Rule of Bankruptcy Procedure 6007(b), JUDD BELEN LEYSON & LORNA REYES LEYSON, Debtors and Petitioners herein, by and through their attorney, Richard Allaye Chan, Jr., hereby move the Court for an order requiring the Trustee of the above-captioned case to abandon the estate's interest in real property located at **10118 Kuhn Ranch Way, Elk Grove, CA 95757** (here in after as "real property"). In support of the motion, the Debtors respectfully represent as follows:

1.      Petitioners are the Debtors in the above captioned bankruptcy case, having filed their Petition for relief in Chapter 7 on November 30, 2010. Trustee J. Michael Hopper was duly appointed Chapter 7 trustee.

2.      Creditor, CITIMORTGAGE INC., the first deed of trust, had a secured interest in said real property for $392,184.00 at the time of the filing of Debtors' case in Chapter 7.

3.      Creditor, CHASE MANHATTAN MORTGAGE, the second deed of trust, had a secured interest in said real property for $93,951.00 at the time of the filing of Debtors' case in Chapter 7.

4.      Debtors asserted that the collateral's value was $249, 00.00 at the time of the filing of their case in Chapter 7. This assertion is based upon a http://www.zillow.com pulled on September 26, 2011 which now states the property is worth even less at $234,400.00.

(a) The Zillow evaluation was pulled on September 26, 2011. A true and correct copy of the Zillow summary is attached as Exhibit "A" and made part of this motion. Debtors assert that said collateral is over encumbered by the two liens.

///

///

///

///

///

///

///

///

5.  11 U.S.C. § 554(b) states that "On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." Based on the Zillow value or the current list price, the collateral is of inconsequential value and of no benefit to the estate. In fact, the sale would not yield any funds to cover any Trustee administration costs.

WHEREFORE, Debtors and Petitioners herein respectfully request that this Court enter an order requiring the Trustee to abandon the estate's interest in the collateral.

ALLAYE CHAN LAW GROUP

Dated: September 29, 2011

/s/ Richard Allaye Chan, Jr.
Richard Allaye Chan, Jr.